IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,337-01






EX PARTE ANDRES CANTU, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004-407,805-A

IN THE 364TH JUDICIAL DISTRICT COURT

FROM LUBBOCK COUNTY






 Per Curiam.


O R D E R 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc., art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of aggravated robbery, and punishment was assessed at confinement
for eighteen years. No direct appeal was taken.

 Applicant contends that he was denied his right to appeal. The trial court entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time appeal. The trial court based its recommendation upon the affidavit or affidavits of
counsel, however, those affidavits were not made a part of the habeas record.

 Applicant has alleged facts that, if true, might entitle him/her to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App.
2000). The trial court shall either forward previously submitted affidavits from counsel or
provide counsel with another opportunity to respond to applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc.,
art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether applicant is
indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc., art. 26.04. 

 If necessary, the trial court shall make additional findings of facts as to whether
applicant was denied his right to a meaningful appeal because applicant's counselor failed
to timely file a notice of appeal. The trial court may also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has obtained affidavits
or testimony of counsel and resolved any further fact issues, if any. The issues shall be
resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. 
Any extensions of time shall be obtained from this Court. 

DO NOT PUBLISH

DELIVERED: May 24, 2006